The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Hope Leiws, individually and on behalf of the Estate of Cyrus Lewis

**DEFENDANTS**
County of Northumberland, Roy Johnson, Brian Wheary, Jason Greek,
Jen (Last Name Unknown), Northumberland County Board of Prison

(b) County of Residence of First Listed Plaintiff: Northumberland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Northumberland
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Timothy A. Bowers, PA 77980
PO Box 88
Sunbury, PA 17801    570-275-1110

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.A. 1983
Brief description of cause:
Violation of 14th Amendment Due Process Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: November 5, 2014

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE LEWIS individually and on behalf of the estate of CYRUS LEWIS, | : | NO: |
| PLAINTIFF, | : | (Complaint filed November 5, 2014) |
| v. | : | |
| COUNTY OF NORTHUMBERLAND, ,ROY JOHNSON, BRIAN WHEARY, JASON GREEK, JEN (LAST NAME UNKNOWN), NORTHUMBERLAND COUNTY BOARD OF PRISON INSPECTORS, | : | |
| DEFENDANTS. | : | JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Hope Lewis, by and through her counsel, Timothy A. Bowers, JD and makes the following Complaint:

### COUNT I - SECTION 1983-VIOLATION OF FOURTEENTH AMENDMENT
### ALL DEFENDANTS

1. Plaintiff Hope Lewis ("Plaintiff") is an adult individual residing at ADDRESS, Northumberland County, Pennsylvania. Plaintiff sues in her individual capacity and as Administrator of the Estate of Cyrus Lewis, deceased ("Cyrus Lewis").

2. Defendant County of Northumberland ("County") is a fifth class county organized under the laws of the Commonwealth of Pennsylvania and having its primary offices at 399 South Fifth Street, Sunbury, Northumberland County, Pennsylvania, 17801.

3. Defendant Northumberland County Board of Prison Inspectors ("Prison Board") is an entity organized under the laws of the Commonwealth of Pennsylvania and having its

primary business address at 399 South Fifth Street, Sunbury, Northumberland County, Pennsylvania, 17801.

4. Defendant Roy Johnson ("Johnson") is an adult individual who, at all relevant times herein, was appointed by the Prison Board as Warden of Northumberland County Prsion ("NCP") having a business address of 39 North Second Street, Sunbury, Northumberland County, Pennsylvania, 17801.

5. Defendant Brian Wheary ("Wheary") is an adult individual who, at all relevant times herein was employed by the Prison Board as Commander of NCP having a business address of 39 North Second Street, Sunbury, Northumberland County, Pennsylvania, 17801.

6. Defendant Jason Greek ("Greek") is an adult individual who, at all relevant times herein was employed by the Prison Board as a Sergeant at NCP having a business address of 39 North Second Street, Sunbury, Northumberland County, Pennsylvania, 17801.

7. Defendant Jen (Last Name Unknown) ("CO Jen") is an adult individual who, at all relevant times herein was employed by the Prison Board as a Corrections Officer at NCP having a business address of 39 North Second Street, Sunbury, Northumberland County, Pennsylvania, 17801. The last name of this defendant is unknown as NCP Corrections Officers do not wear name tags or other identification.

8. The Court has jurisdiction over the claims asserted herein pursuant 28 U.S.C.A. 1331, 28 U.S.C.A. 1332, and 28 U.S.C.A. 1367.

9. The Prison Board, together with the officers appointed and employed by it, is charged by Pennsylvania Law to "provided for the safekeeping, discipline and employment of inmates and the government and management" of NCP. 61 Pa.C.S.A. 1731 (a)(3).

10. The Prison Board "shall make such rules and regulations for the government and management of the county correctional institution and the safekeeping, discipline and employment of the inmates, as may be deemed necessary." 61 Pa.C.S.A. 1732 (b)(1).

11. The County, the Prison Board, the members and officers of the Prison Board act under color of state law in operating NCP.

12. On June 10, 2014 Cyrus Lewis was arraigned before the Hon. John Gembic and committed to NCP in lieu of $30,000.00 combined bail on various charges.

13. At the time of commitment, Cyrus Lewis was withdrawing from narcotics.

14. NCP officers and staff new that Cyrus Lewis was withdrawing from narcotics.

15. NCP staff put Lewis on a 10 day hold which requires periodic checks by NCP staff.

16. Between June 10, 2014 and June 15, 2014, Cyrus Lewis expressed suicidal ideations to other inmates and to NCP staff.

17. On June 15, 2014, another inmate told CO Jen that Cyrus Lewis was talking about taking his own life.

18. NCP has procedures for suicide watch including, but not limited to constant video surveillance, 15 minute checks by NCP staff, 30 minute checks by NCP staff, and provision of security smocks and security blankets rather than normal, institutional clothing, bedding and mattresses and placement in a suicide cell.

19. At no point did NCP staff put Cyrus Lewis on suicide watch or in a suicide cell.

20. At no point did NCP staff put Cyrus Lewis on constant video surveillance.

21. At no point did NCP staff conduct 15 minute checks of Cyrus Lewis.

22. At no point did NCP staff conduct 30 minute checks of Cyrus Lewis.

23. At no point did NCP staff provide Cyrus Lewis with security smocks and security blankets rather than normal, institutional clothing, bedding and mattresses.

24. On June 15, 2014, Cyrus Lewis was in Cell No. 5 which is not a suicide watch cell.

25. On June 15, 2014, Cyrus Lewis had access to normal, institutional bedding.

26. On that evening, Cyrus Lewis placed a normal, institutional blanket over the window of his cell blocking view of the interior of the cell.

27. Approximately one hour after the blanket was put up, CO Jen asked an inmate to check on Cyrus Lewis.

28. During the time period of approximately one hour, no NCP staff checked on Cyrus Lewis.

29. During the prior three weeks, CO Jen had asked the other inmate to check on watched inmates approximately 4 to five times.

30. When the other inmate went to check on Cyrus Lewis, the other inmate moved the blanket aside to look into the cell through the window in the door.

31. The other inmate saw that Cyrus Lewis had hanged himself with a normal, institutional bed sheet.

32. The other inmate started screaming that Cyrus Lewis was hanging.

33. CO Jen looked dumbfounded.

34. CO Centerfit responded.

35. The other inmate asked CO Centerfit to open the door.

36. CO Centerfit hesitated and said that he was not allowed to open the door.

37. The other inmate yelled at CO Centerfit to open the door.

38. As Co Centerfit began to open the door, seven other corrections officers responded.

39. The corrections officers cut Cyrus Lewis down and attempted to administer CPR.

40. During this time, CO Jen looked at the other inmate and asked him, "What do I do?"

41. Cyrus Lewis was taken to the emergency room at Sunbury Community Hospital where he was pronounced dead on arrival.

42. CO Jen failed to place Cyrus Lewis on suicide watch despite her knowledge that Cyrus Lewis had expressed suicidal ideations.

43. Greek failed to place Cyrus Lewis on suicide watch despite his knowledge that Cyrus Lewis had expressed suicidal ideations.

44. Defendants have failed to properly train NCP staff in identifying and monitoring suicidal inmates.

45. Defendants have failed to properly supervise NCP staff in identifying and monitoring suicidal inmates.

46. Defendants have a custom, practice or procedure of ordering inmates, rather than staff, to perform checks on prisoners.

47. Defendants have a custom, practice or procedure of ignoring suicidal inmates and failing to place suicidal inmates on suicide watch.

48. Defendants were deliberately indifferent to the suicidal state and ideations of Cyrus Lewis.

49. Defendants' deliberate indifference to the rights of inmates led to the suicide death of inmate Andrew Beers in August 2013.

50. Despite the death of Andrew Beers, defendants have failed and refused to enact and follow sufficient procedures and policies to protect the lives of inmates.

51. Defendants failed to safeguard the life of Cyrus Lewis in violation of this rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America.

WHEREFORE, Plaintiff Hope Lewis, individually and on behalf of the Estate of Cyrus Lewis, respectfully requests that the Honorable Court enter a judgment awarding compensatory damages, punitive damages, costs, interest, counsel fees and injunctive relief sufficient to prevent a similar future occurrence.

## COUNT II - WRONGFUL DEATH
## INDIVIDUAL DEFENDANTS

52. Paragraphs 1 through 51 of this Complaint are hereby restated and reincorporated by reference as though fully set forth.

53. Defendants owed Lewis a duty of care to take reasonable action to prevent Lewis's suicide.

54. Defendants breached their duty of care by failing to take reasonable action to prevent Lewis's suicide.

55. As a direct and proximate result of Defendants' breach of their duty of care, Hope Lewis has suffered loss of expected economic benefit, hospital, medical and funeral expenses and expenses of administration of the estate.

56. Defendants knew or should have known that the suicide of Cyrus Lewis was substantially certain to occur as a direct and proximate result of their duty of care.

57. Defendants' breach of their duty of care constitutes willful misconduct.

WHEREFORE, Plaintiff Hope Lewis, individually and on behalf of the Estate of Cyrus Lewis, respectfully requests that the Honorable Court enter a judgment awarding compensatory damages, costs and interest.

Dated: November 5, 2014

Respectfully submitted,

TIM BOWERS LAW OFFICE

_____
Timothy A. Bowers, PA77980
20 North Front Street
PO Box 88
Sunbury, PA 17801
570-275-1110
fax 866-495-2818
timbowers@timbowerslaw.com
Counsel for Plaintiff