IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE LEWIS, individually and on behalf of the estate of CYRUS LEWIS, deceased, | : : : | CIVIL NO: 4:14-cv-2126 |
| Plaintiff | : : | |
| v. | : : | Hon. Judge Brann Hon. Magistrate Judge Mehalchick |
| COUNTY OF NORTHUMBERLAND, ROY JOHNSON, BRIAN WHEARY, JASON GREEK, JENNIFER LASHOMB, NORTHUMBERLAND COUNTY BOARD OF PRISON INSPECTORS, PRIMECARE MEDICAL, INC., DR. THOMAS WEBER, MIKELANNE WELLIVER, CAITLIN HENRIE, Defendants | : : : : : : : : : : : | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT[1]

COMES NOW Plaintiff Hope Lewis, by and through her counsel, Amy R. Boring, Esquire and Michael J. Zicolello, Esquire, and makes the following Amended Complaint:

COUNT 1 - SECTION 1983 - VIOLATION OF FOURTEENTH AMENDMENT
Plaintiff v. County of Northumberland, Roy Johnson, Brian Wheary, Jason Greek, Jennifer Lashomb, Northumberland County Board of Prison Inspectors

1. Plaintiff Hope Lewis ("Plaintiff") is an adult individual residing at 3427 State Route 61, Sunbury, Northumberland County, Pennsylvania. Plaintiff sues in her individual capacity and as Administrator of the Estate of Cyrus Lewis, deceased ("Cyrus Lewis").

2. Defendant County of Northumberland ("County") is a fifth class county

---

[1] Plaintiff's Amended Complaint is filed pursuant to Rule 15(a)(2), as counsel of record has consented to this filing. The consent is attached hereto as Exhibit "A".

organized under the law of the Commonwealth of Pennsylvania and having its primary offices at 399 South Fifth Street, Sunbury, Northumberland County, Pennsylvania, 17801.

3. Defendant Northumberland County Board of Prison Inspectors ("Prison Board") is an entity organized under the law of the Commonwealth of Pennsylvania and having its primary business address at 399 South Fifth Street, Sunbury, Northumberland County, Pennsylvania, 17801.

4. Defendant Roy Johnson ("Johnson") is an adult individual who, at all relevant times herein, was appointed by the Prison Board as Warden of Northumberland County Prison ("NCP") having a business address of 39 North Second Street, Sunbury, Northumberland County, Pennsylvania, 17801.

5. Defendant Brian Wheary ("Wheary") is an adult individual who, at all relevant times herein was employed by the Prison Board as Commander of NCP having a business address of 39 North Second Street, Sunbury, Northumberland County, Pennsylvania, 17801.

6. Defendant Jason Greek ("Greek") is an adult individual who, at all relevant times herein was employed by the Prison Board as a Sergeant of NCP having a business address of 39 North Second Street, Sunbury, Northumberland County, Pennsylvania, 17801.

7. Defendant Jennifer Lashomb ("Lashomb") is an adult individual who, at all relevant times herein was employed by the Prison Board as a Corrections Officer at NCP having a business address of 39 North Second Street, Sunbury, Northumberland County, Pennsylvania, 17801.

8. The Court has jurisdiction over the claims asserted herein pursuant 28 U.S.C.A. 1331, 28 U.S.C.A. 1332, and 28 U.S.C.A. 1367.

9. The Prison Board, together with the officers appointed and employed by it, is charged by Pennsylvania Law to "provided for the safekeeping, discipline and employment of inmates and the government and management" of NCP. 61 Pa.C.S.A. 1731 (a)(3).

10. The Prison Board "shall make such rules and regulations for the government and management of the county correctional institution and the safekeeping, discipline and employment of the inmates, as may be deemed necessary." 61 Pa.C.S.A. 1732 (b)(1).

11. The County, the Prison Board, the members and officers of the Prison Board act under color of state law in operating NCP.

12. On June 10, 2014 Cyrus Lewis was arraigned before the Hon. John Gembic and committed to NCP in lieu of $30,000.00 combined bail on various charges.

13. At the time of commitment, Cyrus Lewis was withdrawing from narcotics.

14. NCP officers and staff new that Cyrus Lewis was withdrawing from narcotics.

15. NCP staff put Lewis on a 10 day hold which requires periodic checks by NCP staff.

16. Between June 10, 2014 and June 15, 2014, Cyrus Lewis expressed suicidal ideations to other inmates and to NCP staff.

17. On June 15, 2014, another inmate told Co Jen that Cyrus Lewis was talking about taking his own life.

18. NCP has procedures for suicide watch including, but not limited to constant video surveillance, 15 minute checks by NCP staff, 30 minuet checks by NCP staff, and provision of security smocks and security blankets rather than normal, institutional clothing, bedding and mattresses and placement in a suicide cell.

19. At no point did NCP staff put Cyrus Lewis on suicide watch or in a suicide cell.

20. At no point did NCP staff put Cyrus Lewis on constant video surveillance.

21. At no point did NCP staff conduct 15 minute checks of Cyrus Lewis.

22. At no point did NCP staff conduct 30 minute checks of Cyrus Lewis.

23. At no point did NCP staff provide Cyrus Lewis with security smocks and security blankets rather than normal, institutional clothing, bedding and mattresses.

24. On June 15, 2014, Cyrus Lewis was in Cell No. 5 which is not a suicide watch cell.

25. On June 15, 2014, Cyrus Lewis has access to normal, institutional bedding.

26. On that evening, Cyrus Lewis placed a normal, institutional blanket over the window of his cell blocking view of the interior of the cell.

27. Approximately one hour after the blanket was put up, CO Jen asked an inmate to check on Cyrus Lewis.

28. During the time period of approximately one hour, no NCP staff checked on Cyrus Lewis.

29. During the prior three weeks, CO Jen had asked the other inmate to check on watched inmates approximately 4 to five times.

30. When the other inmate went to check on Cyrus Lewis, the other inmate moved the blanket aside to look into the cell through the window in the door.

31. The other inmate saw that Cyrus Lewis had hanged himself with a normal, institutional bed sheet.

32. The other inmate started screaming that Cyrus Lewis was hanging.

33. CO Jen looked dumbfounded.

34. Co Centerfit responded.

35. The other inmate asked CO Centerfit to open the door.

36. CO Centerfit hesitated and said that he was not allowed to open the door.

37. The other inmate yelled at CO Centerfit to open the door.

38. As Co Centerfit began to open the door, seven other corrections officers responded.

39. The corrections officers cut Cyrus Lewis down and attempted to administer CPR.

40. During this time, CO Jen looked at the other inmate and asked him, "What do I do?"

41. Cyrus Lewis was taken to the emergency room at Sunbury Community Hospital where he was pronounced dead on arrival.

42. CO Jen failed to place Cyrus Lewis on suicide watch despite her knowledge that Cyrus Lewis had expressed suicidal ideations.

43. Greek failed to place Cyrus Lewis on suicide watch despite his knowledge that Cyrus Lewis had expressed suicidal ideations.

44. Defendants have failed to properly train NCP staff in identifying and

monitoring suicidal inmates.

45. Defendants have failed to properly supervise NCP staff in identifying and monitoring suicidal inmates.

46. Defendants have a custom, practice or procedure of ordering inmates, rather than staff, to perform checks on prisoners.

47. Defendants have a custom, practice or procedure of ignoring suicidal inmates and failing to place suicidal inmates on suicide watch.

48. Defendants were deliberately indifferent to the suicidal state and ideations of Cyrus Lewis.

49. Defendants' deliberate indifference to the right of inmates led to the suicide death of inmate Andrew Beers in August 2013.

50. Despite the death of Andrew Beers, defendants have failed and refused to enact and follow sufficient procedures and policies to protect the lives of inmates.

51. Defendants failed to safeguard the life of Cyrus Lewis in violation of this rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America.

WHEREFORE, Plaintiff Hope Lewis, individually and on behalf of the Estate of Cyrus Lewis, respectfully requests that the Honorable Court enter a judgement awarding compensatory damages, punitive damages, costs, interest, counsel fees, injunctive relief sufficient to prevent a similar future occurrence, and any other damages as deemed appropriate by this Court.

## COUNT II - WRONGFUL DEATH
## INDIVIDUAL DEFENDANTS

52. Paragraphs 1 through 51 of this Complaint are hereby restated and

reincorporated by reference as though fully set forth.

53. Defendants owed Lewis a duty of care to take reasonable action to prevent Lewis's suicide.

54. Defendants breached their duty of care by failing to take reasonable action to prevent Lewis's suicide.

55. As a direct and proximate result of Defendants' breach of their duty of care, Hope Lewis has suffered loss of expected economic benefit, loss of support and companionship, hospital, medical and funeral expenses and expenses of administration of the estate.

56. Defendants knew or should have known that the suicide of Cyrus Lewis was substantially certain to occur as a direct and proximate result of their duty of care.

57. Defendants' breach of their duty of care constitutes willful misconduct.

WHEREFORE, Plaintiff Hope Lewis, individually and on behalf of the Estate of Cyrus Lewis, respectfully requests that the Honorable Court enter a judgement awarding compensatory damages, costs and interest, and any other damages as deemed appropriate by this Court.

<u>COUNT III - SURVIVAL ACTION</u>
<u>INDIVIDUAL DEFENDANTS</u>

58. Paragraphs 1 through 57 of this Complaint are hereby restated and reincorporated by reference as though fully set forth.

59. Plaintiff Hope Lewis is the administrator of the Estate of Cyrus Lewis, deceased, and brings a survival action pursuant to 20 Pa. C.S.A. §3373 and 42 Pa. C.S.A. §8302.

60. As a direct and proximate result of Defendants' negligence, Decedent Cyrus Lewis suffered injuries which resulted in his death and Defendants are liable for the following damages to the Estate of Cyrus Lewis:

a. Cyrus Lewis' total estimated future earning power less his estimated costs of personal maintenance;

b. Decedent Cyrus Lewis' other financial losses suffered as a result of his death, including retirement and/or social security benefits;

c. Decedent Cyrus Lewis' pain and suffering and loss of enjoyment of life.

WHEREFORE, Plaintiff Hope Lewis, individually and on behalf of the Estate of Cyrus Lewis, respectfully requests that the Honorable Court enter a judgement awarding compensatory damages, costs and interest, and any other damages as deemed appropriate by this Court.

<u>COUNT IV - SECTION 1983 - VIOLATION OF FOURTEENTH AMENDMENT</u>
<u>Plaintiff v. Prime Care Medical, Inc., Dr. Weber, Mikelanie Welliver, Caitlin Henrie</u>
<u>(Prime Care Defendants)</u>

61. Paragraphs 1 through 60 of this Complaint are hereby restated and reincorporated by reference as though fully set forth.

62. Defendant Prime Care Medical, Inc. ("Prime Care") is a Pennsylvania Professional Corporation located at 3940 Locust Lane, Harrisburg, Pennsylvania 17109, and at all relevant times herein contracted with Northumberland County to provide psychiatric medical services to inmates at the Northumberland County Prison.

63. Defendant Dr. Thomas Weber, Psy.D., is an adult individual who, at all relevant times herein, was employed as the chief psychologist for Prime Care, which included providing services to the Northumberland County Prison.

64. Defendant Mikelanne Welliver is an adult individual who, at all relevant

times herein, was employed by Prime Care as a licensed mental health clinician at the Northumberland County Prison.

65. Defendant Caitlin Henrie is an adult individual who, at all times relevant herein, was employed by Prime Care as a Licensed Practical Nurse and conducted the intake suicide screening of inmates upon their entry into the Northumberland County Prison.

66. Defendant Prime Care acts under color of state law in the operation of its business at Northumberland County Prison.

67. Prime Care Defendants failed to give Cyrus Lewis a full mental health and suicide risk evaluation by a qualified psychiatrist, despite his known psychiatric history and suicide ideation.

68. Prime Care Defendants failed to properly classify Cyrus Lewis' level of suicide risk, despite knowledge of his significant suicidal history and evidence of his current suicidal ideation.

69. Prime Care Defendants failed to place Cyrus Lewis on an adequate level of watch, despite knowledge of his significant suicidal history, evidence of his current suicidal ideation, and the significant number of suicides in the Northumberland County Prison.

70. Prime Care Defendants failed to adequately and regularly monitor Cyrus Lewis' psychiatric and mental health progress during his confinement.

71. Prime Care Defendants failed to properly train and supervise Prime Care staff in identifying, monitoring, and treating suicidal inmates.

72. Prime Care Defendants were deliberately indifferent to the suicidal state

and ideations of Cyrus Lewis.

73. Defendants' deliberate indifference to the right of inmates led to the suicide death of inmate Andrew Beers in August 2013.

74. Despite the death of Andrew Beers, defendants have failed and refused to enact and follow sufficient procedures and policies to protect the lives of inmates.

75. Defendants failed to safeguard the life of Cyrus Lewis in violation of this rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America.

WHEREFORE, Plaintiff Hope Lewis, individually and on behalf of the Estate of Cyrus Lewis, respectfully requests that the Honorable Court enter a judgment awarding compensatory damages, punitive damages, costs, interest, counsel fees, injunctive relief sufficient to prevent a similar future occurrence, and any other damages as deemed appropriate by this Court.

**SCHEMERY ZICOLELLO**

By:   s/Amy R. Boring
     Michael J. Zicolello
     I.D. #65522
     Amy R. Boring
     I.D. #208461
     Attorneys for Plaintiff

333 Market Street
Williamsport, PA 17701
Telephone: (570) 321-7554
Facsimile: (570) 321-7845
Email: mike@sz-law.com
Email: amy@sz-law.com

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE LEWIS, individually and on behalf of the estate of CYRUS LEWIS, deceased, | : : : | No: 4:14-CV-2126 |
| Plaintiff | : : | Honorable Judge Brann<br>Magistrate Judge Mehalchick |
| v. | : : | JURY TRIAL DEMANDED |
| COUNTY OF NORTHUMBERLAND, et al., | : : : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Amy R. Boring, do hereby certify that a copy of the foregoing Amended Complaint was served upon the following individual and in the manner indicated below on this 15th day of June, 2016.

**VIA ELECTRONIC FILING:**

Sean McDonough, Esquire
Dougherty Leventhal & Price, LLP
75 Glenmaura National Blvd.
Moosic, PA 18507

**SCHEMERY ZICOLELLO**

By:   s/Amy R. Boring
      Michael J. Zicolello
      I.D. #65522
      Amy R. Boring
      I.D. #208461
      Attorneys for Plaintiff

333 Market Street
Williamsport, PA 17701
Telephone:  (570) 321-7554
Facsimile: (570) 321-7845
Email: mike@sz-law.com
Email: amy@sz-law.com